Richard DUHAGON, Petitioner,

v.

METROPOLITAN STEVEDORE COMPANY, Respondent.

No. 97–71184.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 1999.*

Decided March 2, 1999.

* The panel unanimously finds this case suitable for submission on the record and briefs and without

William R. Gardner, San Francisco, California, for the petitioner.

Laura G. Bruyneel, Mullen & Filippi, San Francisco, California, for the respondent.

oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34–4.

Before: WOOD, JR.,** THOMPSON, and THOMAS, Circuit Judges.

## PER CURIAM.

Richard Duhagon petitions for review of the order of the Benefits Review Board ("Board") affirming the decision of the administrative law judge ("ALJ") denying Duhagon permanent disability benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.* We have jurisdiction pursuant to 33 U.S.C. § 921 and deny the petition.

### I.

■ As an initial matter, Respondent Metropolitan Stevedore Company ("Metropolitan") asserts that this court lacks jurisdiction to review Duhagon's claim because at the time he filed his petition for review in this court, October 9, 1997, he had a motion to reconsider pending before the Board. The LHWCA provides:

Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty-days following the issuance of such Board order a written petition praying that the order be modified or set aside.

33 U.S.C. § 921(c). On August 14, 1997, the Board issued a Decision and Order affirming the ALJ's denial of benefits. Duhagon filed a motion for reconsideration. A motion for reconsideration of a Board decision is timely filed if it is filed within thirty days of the decision that is being appealed. 20 C.F.R. § 802.407. Duhagon's motion, while dated September 9, 1997, was not filed until September 16, 1997, after the period for filing a motion for reconsideration had expired. Therefore, the motion was untimely. However, the Board did not dismiss Duhagon's untimely motion. Instead, on January 15,

1998, it issued an order denying reconsideration.

■ Meanwhile, Duhagon filed his petition for review in this court on October 9, 1997. Metropolitan contends that because of the pending motion to reconsider, there was not a final order of the Board for Duhagon to appeal. A decision rendered by the Board

shall become final 60 days after the issuance of such decision unless a written petition for review praying that the order be modified or set aside ... is filed in the appropriate U.S. court of appeals prior to the expiration of the 60–day period ... or unless a timely request for reconsideration by the Board has been filed.... If a timely request for reconsideration has been filed, the 60–day period for filing such petition for review will run from the issuance of the Board's decision on reconsideration.

20 C.F.R. § 802.406. While the Tenth Circuit, citing 20 C.F.R. § 802.406, has held that "[a] motion for reconsideration renders the underlying Board decision nonfinal and thus precludes judicial review of that action," *Bridger Coal Co./Pacific Minerals, Inc. v. Director, Office of Workers' Comp. Prog.,* 927 F.2d 1150, 1152 (10th Cir.1991), the logical conclusion is that the *Bridger* court was addressing only timely motions for reconsideration. In the present case, Duhagon's untimely motion to reconsider did not toll the sixty-day period to file a petition for review. That period began to run with the Board's August 14, 1997 order and expired sixty days later, notwithstanding the Board's subsequent action on the untimely motion. *See, e.g., Bolling v. Director, Office of Workers' Comp. Prog.,* 823 F.2d 165, 165–66 (6th Cir.1987). Because Duhagon's petition for review was filed within this period, it was timely.

### II.

On October 27, 1992, Duhagon, who was employed by Metropolitan as a holdman on a sugar ship, slipped and fell, hitting his lip and the left side of his chest. Metropolitan

---

** The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation.

voluntarily paid Duhagon temporary total disability compensation for his injuries from October 29, 1992 until November 24, 1992. Duhagon then sought permanent total disability compensation under the LHWCA, asserting that the October 27 accident aggravated his pre-existing back condition, which resulted from a 1979 accident.

After a fact-finding trial, the ALJ determined that, because Duhagon's October 27 accident could have aggravated his underlying back condition, he was entitled to a presumption of causation under 33 U.S.C. § 920. However, the ALJ found that Metropolitan had presented specific and comprehensive evidence through a doctor's testimony that Duhagon's pre-existing back condition was not aggravated by the October 27, 1992 accident, successfully rebutting the presumption of causation. The ALJ then examined the record as a whole, credited the opinion of Metropolitan's doctor, Dr. Bernstein, over that of Duhagon's doctor, Dr. Meyers, and concluded that the October 27 accident did not aggravate Duhagon's pre-existing back condition. Duhagon argues that the Board erred in affirming the ALJ's decision that Metropolitan had succeeded in rebutting the presumption of causation.

### III.

■■ Duhagon contends that the evidence in the record is insufficient to rebut the § 920 presumption. We review the Board's decision for errors of law and adherence to the substantial evidence standard and may affirm on any basis in the record. *Alcala v. Director, Office of Workers Comp. Prog.*, 141 F.3d 942, 944 (9th Cir.1998) (citing *Cretan v. Bethlehem Steel Corp.*, 1 F.3d 843, 845 (9th Cir.1993)). In reviewing the ALJ's decision, "[t]he Board 'may not substitute its views for those of the ALJ, but instead must accept the ALJ's findings unless they are contrary to the law, irrational, or unsupported by substantial evidence.'" *Id.* (quoting *King v. Director, Office of Workers' Comp. Prog.*, 904 F.2d 17, 18 (9th Cir.1990)).

■■ In the present case, the Board correctly applied the applicable law and adhered to the substantial evidence standard. The Board noted that the unequivocal testimony of a physician that no relationship exists between an injury and a claimant's employment was sufficient to rebut the § 920 presumption. See *Kier v. Bethlehem Steel Corp.*, 16 BRBS 128 (1984). In the present case, Dr. Bernstein's testimony was sufficient to rebut the § 920 presumption. It is within the ALJ's prerogative, as finder of fact, to credit one witness's testimony over that of another. *Jones Stevedoring Co. v. Director, Office of Workers Comp. Prog.*, 133 F.3d 683, 692 (9th Cir.1997). Additionally, while Duhagon contends that Bernstein did not review the entire medical file, Bernstein pointed to specific evidence from all parts of the record to support his opinion. He testified that a comparison between a February 1982 CAT scan and an August 1993 MRI showed no change in the severity of Duhagon's back condition. Additionally, Bernstein pointed out that, although Meyers examined Duhagon both several days and one week following the accident, he did not identify a back problem until over a month after the accident. Bernstein reported that the injury was not of the type which would normally have delayed onset of symptoms and that, because Duhagon had a vulnerable back, Bernstein would have expected the symptoms to occur very early on, within a day at the most. Bernstein also rebutted Duhagon's theory that a loss of consciousness caused confusion resulting in the absence of prompt complaints about his back, noting that no medical personnel, including Dr. Meyers, had recorded any report from Duhagon that he had lost consciousness. Duhagon's claim fails.

■■ Duhagon contends that the ALJ should have calculated his average weekly wage under 33 U.S.C. § 910(a) rather than the catch-all provision of 33 U.S.C. § 910(c). The Board affirmed the ALJ, stating that the exhibits failed to apportion the hours Duhagon worked per week into days, an essential element under the § 910(a) calculation. A review of the record shows that while Duhagon's payroll summaries outline the number of hours worked per week, they do not show the number of days worked per week. The ALJ correctly calculated Duhagon's average weekly wage under § 910(c).

Duhagon's request for attorney's fees is denied.

PETITION DENIED.