**HEALY TIBBITTS BUILDERS, INC., Petitioner,**

v.

**Robert CABRAL and Director, Office of Workers' Compensation Programs, Respondents.**

No. 98–70552.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 1999[1]

Filed Feb. 2, 2000

---

10. 20 C.F.R. § 416.1457(b)(1)(ii).

11. *Id.*

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Christopher J. Field, Weber, Goldstein, Greenberg & Gallagher, Jersey City, New Jersey, for the petitioner.

Jay Lawrence Friedheim, Honolulu, Hawaii, for the respondent.

Joshua T. Gillelan II, Office of the Solicitor of Labor, Washington, D.C., for respondent Director.

Before: ALDISERT,[2] O'SCANNLAIN, and HAWKINS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

We must decide whether a party challenging an award of attorney's fees under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (the "Act"), has a right to a hearing before the Office of the Administrative Law Judge ("OALJ") when no factual issues are in dispute. Healy Tibbitts Builders, Inc. ("Tibbitts") petitions for review of the order of the Benefits Review Board ("Board") upholding an Administrative Law Judge's ("ALJ's") dismissal of just such a challenge. Because we conclude that the ALJ properly determined it did not have jurisdiction, we deny the petition.

## BACKGROUND

On April 5, 1995, an ALJ awarded Robert Cabral ("Cabral") limited medical benefits under section 907 of the Act for an injury sustained while employed at Tibbitts. Additionally, the ALJ directed Cabral's attorney to file a fee application for his reasonably necessary work performed on behalf of the claim.

Cabral's attorney submitted an application requesting $795 in fees for work performed before the District Director from March 20 through April 18, 1995, the date on which Cabral's claims were transferred to the OALJ. On December 6, 1996, the District Director awarded $322.50 in attorney's fees for the work performed before her office. Tibbitts filed a motion for reconsideration, arguing *inter alia* that Cabral's attorney was not the attorney of record until April 12, 1995; therefore, no fee could be awarded for work done prior to that date. The motion also included a "formal request for a hearing on the matter [before an ALJ], pursuant to 20 C.F.R. § 702.316" should the District Director deny the request for reconsideration.[3]

Tibbitts's motion was denied and the District Director reduced the award of attorney's fees to $309.50, reflecting a minor mathematical error in the initial judgment. On January 2, 1997, Tibbitts formally made a timely request for a hearing before an ALJ on the issue. The District Director, without passing judgment on the validity of the request, transferred the matter to the OALJ.

The Associate Chief ALJ thereafter *sua sponte* dismissed the proceeding on the ground that the OALJ lacked jurisdiction. The Order of Dismissal stated, in relevant part:

[T]he Benefits Review Board (Board) has held that assessment of attorney's fees by the District Director is a discretionary act and review of such an award is, therefore, properly sought by filing a notice of appeal with the Board as the administrative law judge has no authority to review the adequacy of a fee award for services performed before the District Director.

Tibbitts appealed the decision to the Board, which upheld the ruling of the ALJ.

## STANDARD OF REVIEW

We review the decisions of the Board for errors of law and adherence to the substantial evidence standard. *See,*

---

**2.** Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

**3.** 20 C.F.R. § 702.316 states in pertinent part: "if any party has requested a hearing, the district director shall prepare the case for transfer to the Office of the Chief Administrative Law Judge."

*e.g., Duhagon v. Metropolitan Stevedore Co.,* 169 F.3d 615, 618 (9th Cir.1999). While no special deference is owed to the Board's interpretation of the Act, *see, e.g., Moyle v. Director, OWCP,* 147 F.3d 1116, 1119 (9th Cir.1998), "considerable weight" is accorded to the construction of the statute supported by the Director. *Id.; Force v. Director, OWCP,* 938 F.2d 981, 983 (9th Cir.1991).

## ANALYSIS

Tibbitts could have secured a hearing before an ALJ in one of two ways. First, the Act could be construed to confer upon the parties an absolute right to a hearing on all contested issues regardless of whether additional fact-finding is required. The Seventh Circuit has held as much, *see Pearce v. Director, OWCP,* 647 F.2d 716, 726 (7th Cir.1981), while the Fifth Circuit and the Board have rejected such a broad reading. *See Oceanic Butler, Inc. v. Nordahl,* 842 F.2d 773, 784 (5th Cir.1988); *Tupper v. Teledyne Movable Offshore,* 13 B.R.B.S. 614, 615 n. 1 (1981) (declining to follow *Pearce* ); *Cooper v. Todd Pacific Shipyards Corp.,* 22 B.R.B.S. 37, 1989 WL 245289 (DOL Ben.Rev.Bd. Jan. 31, 1989). Alternatively, the matter may involve genuinely disputed issues that require an evidentiary and fact-finding hearing. Tibbitts's arguments on both grounds fail.

## I.  Absolute Right to a Hearing

■  The ability of a party to demand a hearing under the Act is set forth in 33 U.S.C. § 919(c), which reads in pertinent part: "The [District Director] shall make or cause to be made such investigations as he considers necessary in respect of the claim, and upon application of any interest-

ed party shall order a hearing thereon." We hold that section 919(c) does not necessarily require an evidentiary hearing before an ALJ on all contested issues.

Our decision is consonant with the purposes of the Act. In 1972, Congress amended the Act to separate the administrative and adjudicative functions that had previously been performed by deputy commissioners under the direction of the Director of the Office of Workers' Compensation Programs ("OWCP"). *See* Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972, Pub.L. No. 92–576, 86 Stat. 1251. Specifically, the 1972 amendments require that:

> All powers, duties, and responsibilities vested by this chapter on October 27, 1982, in the deputy commissioners with respect to such hearings shall be vested in such administrative law judges.

33 U.S.C. § 919(d).[4]

Section 919(c), which was not altered by the 1972 amendments, must be read in conjunction with section 919(d). The plain language of section 919(d) indicates that the OALJ's jurisdiction includes only those matters whose determinations were vested in deputy commissioners (now District Directors) "with respect to hearings" prior to 1972. Section 919(d) simply does not pertain to matters for which deputy directors had no authority to hold hearings prior to 1972; therefore, section 919(d) cannot confer an absolute right to a hearing before an ALJ on all contested issues.[5]

A similar interpretation has been adopted by the Fifth Circuit. In *Ingalls Shipbuilding Division, Litton Systems, Inc. v. White,* 681 F.2d 275 (5th Cir.1982),

---

**4.** The 1972 amendments also changed the name of "deputy commissioners" to "District Directors."

**5.** Whether a "claim" as used in section 919(c) includes a request for or an objection to the award of attorney's fees has not been addressed by any court. While we need not answer this question, we are skeptical that a "claim" includes issues which are ancillary to the underlying claim for disability or death

benefits under the Act. Though neither the Act nor its regulations define "claim," the regulations governing attorney's fees at least implicitly make a distinction between a "claim" and the attorney's fees themselves. *See* 20 C.F.R. § 702.132(a) ("Any person seeking a fee for *services performed* on behalf of a claimant with respect to claims filed under the Act shall make application therefor ...") (emphasis added).

*overruled on other grounds sub nom. Newpark Shipbuilding & Repair, Inc. v. Roundtree,* 723 F.2d 399 (5th Cir.1984) (en banc), the court held that the OALJ did not have the authority to approve compromise settlements made under section 908(i)(A) of the Act. The Fifth Circuit relied in part on the inability of deputy commissioners, prior to the 1972 Amendments, to independently approve such settlements; rather, final approval was vested in the Secretary. Section 919(d) of the Act, the court reasoned, could not have transferred the power to approve such settlements from the deputy commissioners to the OALJ because such authority was never fully vested with the commissioners to begin with. *See Ingalls,* 681 F.2d at 289. We find this reasoning not only persuasive but also consistent with the plain meaning of section 919(d). Accordingly, we hold that the Act does not ipso facto confer an absolute right to a hearing before an ALJ on all contested issues.[6]

■ Inasmuch as section 919(d) does not establish an absolute right to a hearing before an ALJ, we turn to the question of whether the OALJ lacks jurisdiction when the matter involves purely legal issues and there is no factual dispute. Such a construction of the Act appears to be consistent with its plain language, the purpose behind the creation of the OALJ, and finds support in the case law and longstanding Board decisions applying the 1972 Amendments.

As noted, the language of section 919(d) vests the OALJ with the authority to hear matters that were previously decided by the deputy commissioners only "with respect to hearings." The 1972 Amendments did not establish a new right to a hearing. Rather, they simply require that any hearings that a deputy commissioner would have conducted prior to 1972 must now be conducted by an ALJ under the provisions of the Administrative Procedure Act. If the issue presented to the deputy commissioner did not necessitate an evidentiary hearing prior to 1972, then the same matter lies outside the cognizance of the OALJ under section 919(d). Purely legal disputes or those that did not require fact-finding obviously did not necessitate an evidentiary hearing conducted by the deputy commissioner; accordingly, such disputes are not within the jurisdiction of the OALJ.

This construction of section 919(d) is supported by the purpose behind the 1972 Amendments, which was to "make clear that all hearings under ... [the] Act are to be conducted in conformity with the Administrative Procedure Act (5 U.S.C. § 554) by hearing examiners [i.e. ALJs] qualified under the Act." H.R.Rep. No. 92–1441, at 1452, *reprinted in* 1972 U.S.C.C.A.N. 4698, 4708; *see also* S. Rep. 92–1125 (same). The concern animating the creation of the OALJ was the "belief that the administration of the ... Act has suffered by virtue of the failure to keep separate the functions of administering the program and sitting in judgment on the hearings." *Id.*

■ As the legislative history makes clear, the Amendments did not confer a new right to a hearing before an ALJ where no hearing would have been necessary before the deputy commissioners. Rather, section 919(d) merely relieved deputy commissioners of the responsibility of holding hearings and transferred those duties to the OALJ along with the requirement that hearings be conducted in accordance with the Administrative Procedure Act. In particular, Congress was concerned that, given the new responsibilities conferred upon the District Directors (the new name for the deputy commissioners) by the 1972 Amendments, it was "extremely important to have full time able admin-

---

**6.** The regulations governing the adjudication procedures of the Act also lend support to our holding that not all disputed issues must be resolved by a hearing before an ALJ. The regulations state: "Where there is *a genuine dispute of fact* ... which cannot be so disposed of informally, resort must be had to the formal hearing procedures as set forth beginning at § 702.331." 20 C.F.R. § 702.301 (emphasis added).

istrators who will not also have to wear the dual hat of being hearing officers for the purposes of disputes brought under [the Act]." *Id.* The OALJ was created to relieve this concern and ensure more efficient operation of the Act. Nothing more, especially the right to a hearing where none had previously existed, was meant to be read into the Amendments.

This position is also consistent with the long-established views of the Director and with decisions of the Board. Since the 1972 Amendments, which created the Board and the OALJ, both the Director and the Board have consistently taken the position that purely legal issues are not within the jurisdiction of the OALJ. In particular, both bodies have established that disputes as to the adequacy of an award of attorney's fees are within the sole discretion of the District Directors and therefore do not involve any matters that require an evidentiary inquiry.

Such disputes, then, also lie outside of the OALJ's purview. *See, e.g., Ellis v. Blake Constr. Co.,* 8 B.R.B.S. 650, 651 (1978) (when parties have entered into an agreement on a claim, there are no further disputed issues requiring an ALJ hearing and the award of attorney's fees is a discretionary act which is properly reviewed by the Board); *Campbell v. Blake Constr. Co.,* 8 B.R.B.S. 667, 668 (1978) (same); *Mazzella v. United Terminals, Inc.,* 8 B.R.B.S. 755, 758 (1978) (the adjudicatory power of the ALJ under section 919(d) "does not encompass the review of discretionary acts, such as approved or awarded attorneys' fees ..."); *Lawson v. Atlantic Gulf and Stevedores,* 9 B.R.B.S. 855, 858 (1979) ("Questions of law regarding the application and interpretation of post-award penalty and enforcement provisions of the Act ... are to be appealed directly to the Benefits Review Board."); *Lonergan v. Ira S. Bushey & Sons, Inc.,* 11 B.R.B.S. 345, 346 (1979) (the proper route for appeal from the deputy commissioner's determination of strictly legal issues is directly to the Board); *Champagne v. Main Iron Works, Inc.,* 20 B.R.B.S. 84, 1987 WL 107383, at * 2 n. 1 (DOL Ben.Rev.Bd. March 23, 1987) ("The Board accepts direct appeals from a deputy commissioner only where strictly legal issues or matters within the deputy commissioner's discretion are involved."); *Cooper,* 1989 WL 245289, at *5 n. 4 (discretionary acts of a deputy commissioner are only appealable directly to the Board).

The reasoning of the Board and the Director has been approved by at least two courts. *See Oceanic Butler,* 842 F.2d at 784 (holding that the matter in question need not be referred to an ALJ because it involved an "issue of pure law" and there were no "evidentiary questions" in dispute which required a fact-finding hearing); *Lauzon v. Strachan Shipping Co.,* 602 F.Supp. 661, 664 (S.D.Tex.1985) (where disputed issues were purely legal and no relevant facts needed development by presentation of evidence, resolution by the Deputy Commissioner was not inappropriate despite § 19(d)), *aff'd,* 782 F.2d 1217, 1222 (5th Cir.1985).

These decisions are grounded in sound policy, especially with respect to a District Director's award of attorney's fees. A dispute as to the adequacy of attorney's fees for work performed before the District Director generally involves either purely legal issues or facts that are uniquely known to the District Director. As the Fifth Circuit noted in *Oceanic Butler,* when purely legal issues are in dispute, referral to an ALJ merely produces "additional delay" and can therefore be "inefficient" and "illogical." *Oceanic Butler,* 842 F.2d at 784. Furthermore, referral of legal disputes to the OALJ does not comport with its central role as a fact-finding body.[7]

---

7. That the main purpose of the OALJ is to function as a fact-finding tribunal is not in dispute. Genuine factual disputes at the District Director level are referred to the OALJ. *See* 20 C.F.R. § 702.301. Additionally, the Board is prohibited from conducting a de novo review of an ALJ's decision and may only set it aside if the decision is not "supported by substantial evidence in the record considered as a whole or in accordance with law." 20 C.F.R. § 802.301(a). *See also* 33 U.S.C. § 921 ("The Board's orders shall be

As for attorney's fees, the regulations require that the requesting party "shall make application therefor to the district director, administrative law judge, Board, or court, as the case may be, *before whom the services were performed.*" 20 C.F.R. § 702.132(a) (emphasis added). This procedure is markedly different from the one for establishing liability and compensation on the underlying claim (and therefore further supports the view that a request for attorney's fees does not constitute a "claim" under the Act). The process for determining attorney's fees does not start with an informal conference before the District Director. Rather, it begins with the body before which the attorney requesting fees appeared.

Additionally, the regulations specifically provide that attorney's fees shall be awarded based on qualitative, subjective factors that are uniquely within the knowledge of the body before which the attorney appeared. Section 702.132(a) states that "[a]ny fee approved shall be reasonably commensurate with the necessary work done and shall take into account the quality of the representation, the complexity of the legal issues involved, and the amount of benefits awarded." *Id.* While review of the District Director's award is certainly necessary, it is best effectuated through appeal to the Board and not the OALJ, whose task is to make findings of fact and not reasonableness determinations based on considerations about which it has no immediate knowledge.[8]

We understand our position is at odds with the Seventh Circuit's opinion in *Pearce v. Director, OWCP,* 647 F.2d 716 (7th Cir.1981). In *Pearce,* the court held that the District Director had the plain duty to transfer a case concerning a request to convert periodic compensation payments into a lump-sum award to the OALJ when the claimant had requested a hearing. *See id.* at 724–725.

In reaching this conclusion, the court cited to section 921(b)(3) of the Act, which states that decisions and orders of the Board "shall be based upon the hearing record." 33 U.S.C. § 921(b)(3). According to the *Pearce* court, "this provision assumes that a hearing was had on the claim by an administrative law judge and that a record was made of the hearing. . . ." *Pearce,* 647 F.2d at 725. Therefore, the Board had "no authority to consider or review the evidence that had been gathered by the deputy commissioner" because the Board could only review a "hearing record" and such a record can only be developed in an ALJ proceeding. *See id.* The Seventh Circuit concluded that the "statute and regulations make no . . . distinction" between requests for hearings on claims that are "adjudicatory" in nature and those that are "administrative" in nature. *Id.* at 726.

The Seventh Circuit appears to be alone in its view; *Pearce* has not been followed or cited favorably by any other court. The Board itself has declined to follow the case outside of the Seventh Circuit. *See Tupper,* 13 B.R.B.S. at 615 n. 1 (declining to

based upon the hearing record. The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole.") Thus, the only body empowered to make findings of disputed fact is the OALJ.

8. Indeed, it has consistently been the Director's position since the enactment of the 1972 Amendments that District Directors' determinations that are not reviewable by the OALJ may be reviewed by the Board, generally under a deferential abuse of discretion standard. *See, e.g., Loiselle v. Portland Steve-*

*doring Co.,* 2 B.R.B.S. 214, 218–19 (Aug. 29, 1975) (consideration by the deputy commissioner of application for commutation of future benefits does not require a hearing before the ALJ but is reviewed on the record created by the deputy commissioner); *Pearce v. McDonnel Douglas Corp.,* 5 B.R.B.S. 573, 578 (March 14, 1977) (same); *Marcum v. Director, OWCP,* 12 B.R.B.S. 355, 357 (Board may only set aside a District Director's award of attorney's fees if arbitrary, capricious, or an abuse of discretion); *Story v. Navy Exchange Service Center,* 1999 WL 695530, at *1 (DOL Ben.Rev.Bd., Aug. 6, 1999) (same).

follow *Pearce* and reiterating the distinction between "strictly legal issues," which are appealed directly to the Board, and "disputes involving questions of both law and fact," which are appealable to the OALJ).

The Seventh Circuit's analysis in *Pearce* also appears not to consider section 921(b)(4) in light of the overall statutory structure. *See In re Bonner Mall Partnership*, 2 F.3d 899, 915 (9th Cir.1993) ("In interpreting statutory language we are not confined to the specific provision at issue but may look to the structure of the law as a whole . . . .") (citation omitted). As was noted, section 919(c) must be read in conjunction with section 919(d), which provides only for the vesting of the District Director's responsibilities which existed prior to 1972 "with respect to hearings."

■ Not all decision-making by the District Directors is subject to a hearing before the ALJ. *See Ingalls Shipbuilding Division*, 681 F.2d at 289. Review of such decisions is, therefore, properly made by the Board. Additionally, as our discussion above indicated, entitling a party to a hearing before an ALJ on all contested issues would waste resources by placing a host of purely legal matters before a tribunal whose purpose is primarily to engage in fact-finding. We are satisfied that the current structure of appeals from a District Director's rulings is a faithful effectuation of the text and purpose of the Act as amended in 1972.

## II. Genuinely Disputed Issues Necessitating an Evidentiary Hearing

■ An award of attorney's fees may be appealable to the OALJ if the appeal were based on disputed facts that require an evidentiary hearing. The Board held that the instant case did not require an evidentiary hearing before an ALJ. We uphold this decision, as it is supported by substantial evidence and did not involve an error of law. *See Duhagon*, 169 F.3d at 618 (Board decisions reviewed for errors of

law and adherence to substantial evidence standard).

Because an award of attorney's fees is within the District Director's discretion, the only conceivable factual dispute would be over when Cabral's attorney began to perform professional services. The Board has consistently held, however, that the actual date on which an attorney's representation of a claimant is filed with the OWCP has no bearing on whether the requested fee is reasonable in light of the work performed. *See Liggett v. Crescent City Marine Ways & Drydock Co.*, 1997 WL 692212 (DOL Ben.Rev.Bd. Oct. 16, 1997) (en banc); *Grimm v. Director, OWCP*, 4 BLR 1–203 (1981).

The Board accepted the District Director's conclusion that the claimant's attorney adequately explained his representation in this case and that the explanation was incorporated into the District Director's compensation award. In light of Board precedent and the adequate explanation of the work claimant's counsel had performed, we affirm the Board's decision that the award of attorney's fees involved no factual dispute that would require a hearing before an ALJ.

■ Finally, the Board's finding that Tibbitts did not file an appeal with the Board within the required thirty days after the District Director's ruling became final is supported by the record. *See* 33 U.S.C. § 921(a); 20 C.F.R. § 802.205. Nor does Tibbitts's request for a hearing before an ALJ constitute an appeal to the Board. *See Porter v. Kwajalein Services, Inc.*, 1997 WL 609352, at *2 (DOL Ben.Rev.Bd. Sept. 25, 1997) (holding that a motion to the OALJ requesting that its order be set aside "does not evince an intent to seek Board review . . . ."), *aff'd on reh'g*, 1998 WL 230203 (DOL Ben.Rev.Bd. Apr. 9, 1998). Tibbitts did file a direct appeal to the Board, but this action was some 120 days after the District Director's order

became final. The Board properly dismissed the appeal.

PETITION DENIED.