**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACK KELLISON, | No.  17-71143 |
| Petitioner | BRB No. 16-0242 |
| v. | |
| DUTRA GROUP, SEABRIGHT INSURANCE COMPANY, and DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, | MEMORANDUM[*] |
| Respondents | |

Appeal from the Benefits Review Board

Argued and Submitted June 4, 2018
Pasadena, California

Before:  FISHER and OWENS, Circuit Judges, and MOLLOY,[**] District Judge.

Jack Kellison petitions for review of the Benefits Review Board's ("Board")

order affirming an administrative law judge's ("ALJ") decision denying medical

and indemnity benefits under the Longshore and Harbor Workers' Compensation

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Act, 33 U.S.C. §§ 901–50.  Kellison alleges orthopedic and respiratory injuries sustained during his life-long career as a waterfront pile driver.  He settled with all of his former employers except the last in time, Respondent Dutra Group.  We have jurisdiction over Kellison's petition under 33 U.S.C. § 921(c), and we affirm.

The Board reviews ALJ decisions under the substantial evidence standard, *Stevedoring Servs. of Am. v. Director, OWCP*, 297 F.3d 797, 801 (9th Cir. 2002), and must accept the ALJ's findings "unless they are contrary to the law, irrational, or unsupported by substantial evidence," *Haw. Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 648 (9th Cir. 2010) (citation omitted).  We in turn "review the Board's decision for errors of law and adherence to the substantial evidence standard and may affirm on any basis in the record."  *Duhagon v. Metro. Stevedore Co.*, 169 F.3d 615, 618 (9th Cir. 1999) (per curiam).  We thus "conduct an independent review of the administrative record to determine whether the Board adhered to its standard of review."  *Marine Power & Equip. v. Dep't of Labor*, 203 F.3d 664, 667 (9th Cir. 2000).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lockheed Shipbuilding v. Director, OWCP*, 951 F.2d 1143, 1145 (9th Cir. 1991) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

1. The ALJ's denial of benefits for all of Kellison's orthopedic conditions applied the correct legal standard and is supported by substantial evidence.  First,

the ALJ's causation analysis was consistent with the aggravation standard outlined in *Metropolitan Stevedore Co. v. Crescent Wharf & Warehouse Co. (Price)*, 339 F.3d 1102, 1104–05 (9th Cir. 2003). In *Price*, the medical testimony showed that Price's one day of work aggravated his preexisting injury. *Id.* at 1105. Here, the ALJ concluded that there was no work-related aggravation of Kellison's injuries, however minimal.

Second, the ALJ's decision that Dutra rebutted the § 920(a) presumption with substantial evidence is supported by the record. "[I]t is within the ALJ's prerogative, as finder of fact, to credit one witness's testimony over that of another." *Ogawa*, 608 F.3d at 650 (quoting *Duhagon*, 169 F.3d at 618). Here, the ALJ determined that Dr. Greenfield, Dutra's expert, was more credible than Dr. Stark, Kellison's expert, because even though both had limited exposure to Kellison, Dr. Greenfield took his own x-rays and relied more heavily on medical records and objective evidence and less on Kellison's self-reporting. Because the ALJ found Kellison not credible, her reluctance to rely on evidence based on his self-reporting was rational. Kellison has not shown that the ALJ's reasons for crediting Dr. Greenfield's explanations were "inherently incredible or patently unreasonable." *Id.* Nor was Dutra required to "'rule out' all other possible causes of injury in order to rebut the presumption under 33 U.S.C. § 920(c)." *Schwirse v. Director, OWCP*, 736 F.3d 1165, 1172 (9th Cir. 2013).

Finally, once Dutra rebutted the § 920(a) presumption, "the burden shift[ed] to [Kellison] to prove entitlement to benefits by a preponderance of the evidence." *Id.* at 1171 n.2. The ALJ weighed the evidence for each orthopedic injury, ultimately concluding Kellison failed to carry his burden. Kellison insists that the ALJ's ultimate findings were irrational because she found that while Kellison's orthopedic injuries pre-existed his employment at Dutra and were exacerbated by his post-Dutra exercise, his intervening work at Dutra did not aggravate, accelerate, or contribute to them. While Kellison's statements regarding work-related pain while at Dutra were sufficient to establish a *prima facie* case of cumulative injury, it was not sufficient to establish by a preponderance of the evidence the requisite causal link between his actual work at Dutra and his injuries. *Id.* Longshore jurisprudence has consistently recognized that the "natural progression of [an] initial injury" is distinct from an aggravation of that injury. *Price*, 339 F.3d at 1105.

2. The ALJ found that while Kellison was entitled to the § 920(a) presumption regarding his chronic obstructive pulmonary disorder ("COPD"), Dutra successfully rebutted it, and that weighing the evidence as a whole, Kellison failed to establish that his work at Dutra aggravated his COPD. Her decision is supported by substantial evidence.

4

First, the ALJ's factual determination that his COPD was not an occupational disease because Kellison failed to show the work environment had a peculiar degree of exposure was supported by substantial evidence. *See Port of Portland v. Director, OWCP*, 192 F.3d 933, 939 (9th Cir. 1999).[1] Second, as determined by the ALJ, there are no records of Kellison having respiratory problems between February 2009 and 2011. And, by the time he left Dutra, Kellison's respiratory symptoms had actually improved. The weight of the evidence therefore does not support Kellison's aggravation argument. Moreover, even if Dr. Harrison's and Dr. Bressler's competing opinions as to whether Kellison's work at Dutra aggravated his COPD were in equipoise, that is not sufficient for Kellison to meet his burden. *See Director, OWCP v. Greenwich Collieries*, 512 U.S. 267, 280 (1994) (explaining that the Administrative Procedure Act places the burden of persuasion squarely on the claimant).

**AFFIRMED.**

---

[1] Even if Kellison's COPD was an occupational disease, he would not be entitled to relief against Dutra under an occupational disease theory because he was diagnosed with COPD prior to working for Dutra. "If the disability is an occupational disease . . . the responsible employer is the one last exposing the worker to injurious stimuli *prior to the date the worker became aware of suffering from the occupational disease*." *Price*, 339 F.3d at 1105 (emphasis added); *see also Port of Portland*, 192 F.3d at 940. Thus, any alleged error on the part of the ALJ in analyzing his COPD as cumulative trauma, as opposed to an occupational disease, would be harmless. *Ogawa*, 608 F.3d at 648.

5