**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAMIDULLAH MAKHMOOR, | No. 18-70723 |
| Petitioner, | BRB No. 17-0339 |
| v. | |
| MISSION ESSENTIAL PERSONNEL; et al., | MEMORANDUM[*] |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Submitted October 23, 2019[**]
San Francisco, California

Before: WALLACE and BRESS, Circuit Judges, and ENGLAND,[***] District
Judge.

Hamidullah Makhmoor seeks review of the Benefits Review Board's (Board)

order affirming the denial of total disability benefits under the Longshore and Harbor

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Morrison C. England, Jr., United States District Judge
for the Eastern District of California, sitting by designation.

Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*, as extended by the Defense Base Act, 42 U.S.C. § 1651, *et seq.* We have jurisdiction under 33 U.S.C. § 921(c), and we affirm.

In reviewing the Board's decisions, this Court conducts an independent review of the record, though the "task is not to reweigh the evidence, but only to determine if substantial evidence supports the ALJ's findings." *Lockheed Shipbuilding v. Dir., OWCP*, 951 F.2d 1143, 1146 (9th Cir. 1991). The substantial evidence standard requires a basis in evidence that "a reasonable mind might accept as adequate to support a conclusion." *Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1165 (9th Cir. 2010) (quotation omitted). Here, the ALJ heard testimony from six witnesses and then issued a detailed, 49-page decision finding that Makhmoor failed to prove that he had sustained psychological injuries from working as a translator for Mission Essential, a U.S. military contractor in Afghanistan. Substantial evidence supports the ALJ's determination.

The ALJ concluded, and the parties do not dispute, that Makhmoor was entitled to a statutory presumption that his alleged psychological injuries were workplace-related. *See* 33 U.S.C. § 920(a). To rebut this presumption, Mission Essential was required to present "substantial evidence that is specific and comprehensive enough to sever the potential connection between the disability and the work environment." *Hawaii Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 651 (9th

2

Cir. 2010) (quotation omitted). We agree with the Board that Mission Essential satisfied its burden in that regard. Mission Essential introduced the expert opinions of Dr. Perry Maloff and Dr. Jared Maloff who opined, after examining Makhmoor about his workplace and symptoms and conducting objective psychological testing, that there was no workplace-related injury because Makhmoor was malingering, *i.e.*, exaggerating or fabricating symptoms.

Makhmoor contends that Mission Essential's evidence does not rebut the causal connection because it implies that he was not psychologically injured. What both experts actually concluded, however, was that no workplace-related harm had occurred, and that Makhmoor was malingering. "[U]nequivocal testimony of a physician that no relationship exists between an injury and a claimant's employment [is] sufficient to rebut the § 920(a) presumption." *Duhagon v. Metro. Stevedore Co.*, 169 F.3d 615, 618 (9th Cir. 1999). Such evidence "could satisfy a reasonable factfinder that the claimant's injury was not work-related." *Ogawa*, 608 F.3d at 651.

With the § 920(a) presumption removed, the ALJ then weighed all of the evidence, finding that Makhmoor failed to meet his burden to prove a work-related injury by the preponderance of the evidence. *See Albina Engine & Machine v. Dir., OWCP*, 627 F.3d 1293, 1298 (9th Cir. 2010); *Ogawa*, 608 F.3d at 651. As required, the ALJ "'took into consideration all the testimony given at the hearing, as well as all medical reports of other doctors submitted to him.'" *Id.* at 653 (quoting *Walker*

3

*v. Rothschild Int'l Stevedoring Co.*, 526 F.2d 1137, 1139 (9th Cir. 1975) (per curiam)). In evaluating the evidence, the ALJ made numerous, well-explained credibility determinations. This Court adheres to an ALJ's credibility determinations unless they "'conflict with the clear preponderance of the evidence, or where the determinations are inherently incredible or patently unreasonable.'" *Ogawa*, 608 F.3d at 648 (quoting *Todd Pac. Shipyards Corp. v. Dir., OWCP,* 914 F.2d 1317, 1321 (9th Cir. 1990)).

There is no basis for overturning the ALJ's well-supported determinations. Makhmoor argues that the ALJ discredited the opinions of his treating professionals and experts solely because they failed to conduct objective psychological testing. But although the ALJ stated that objective measures and validity indicators were "particularly helpful in a situation such as this one" where the claimant's credibility was dubious, the ALJ also acknowledged that there was "no requirement" that objective testing be performed.

Instead, the ALJ's credibility determinations were based on the thoroughness and asserted bases of each professional's opinion or diagnosis. The ALJ explained his decision not to defer to the opinions of Makhmoor's treating professionals, Dr. Afshar and Ms. Phillips, finding them perfunctory and contradicted by other evidence. This was proper, as an ALJ "need not accept a treating physician's opinion which is 'brief and conclusory in form with little in the way of clinical findings to

4

support [its] conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986)).

The ALJ also analyzed factors undermining the credibility of Makhmoor's expert, Dr. Takamura. For example, the ALJ explained that Dr. Takamura had relied heavily on Makhmoor's own self-reporting, even though Dr. Takamura had himself questioned Makhmoor's credibility. The ALJ also found Makhmoor "only minimally credible" considering the psychological test results establishing malingering and Makhmoor's own testimony. Makhmoor testified, for example, that he could return to work if his knee improved but failed to "mention his alleged psychological injury until prompted by his attorney." The ALJ's credibility determinations were sound and not incredible or unreasonable. It was "within the ALJ's prerogative, as finder of fact, to credit one witness's testimony over that of another." *Duhagon*, 169 F.3d at 618.

Makhmoor's other objections to the ALJ's credibility determinations are similarly unsupported. For example, Makhmoor maintains that expert opinions concluding he was malingering cannot be reconciled with the fact that he reported depression in 2011, well before making a disability claim. The ALJ did, however, evaluate the timeline of events despite Makhmoor's claims otherwise. The ALJ simply found that "being treated for PTSD and major depressive disorder does not prove Claimant actually suffers from these conditions," and "[t]here is no indication

in the medical records that either [treating physician] tested Claimant to determine if he was malingering." Makhmoor again offers no valid basis for disturbing the ALJ's findings, which are supported by substantial evidence.

Finally, Makhmoor asserts that the ALJ's reasoning was inconsistent because he credited expert opinions that Makhmoor was malingering, while also crediting Makhmoor and his family's testimony that Makhmoor's temperament changed after he returned from Afghanistan. These positions do not reflect any logical inconsistency. It was Makhmoor's burden to prove a work-related injury by a preponderance of the evidence. *See Albina Engine*, 627 F.3d at 1298. The ALJ, in his thorough treatment of the record, could permissibly recognize that Makhmoor may have changed during his time in Afghanistan, while also finding (for example) that other aspects of Makhmoor's account were not credible and that objective psychological testing revealed malingering.

We have reviewed Makhmoor's other arguments and hold that they do not demonstrate error in the ALJ's decision. Accordingly, the judgment of the Board is **AFFIRMED.**

6