**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL, INC.; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, | No.    18-73247 |
| | BRB No. 18-0014 |
| Petitioners, | MEMORANDUM[*] |
| v. | |
| DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; BARBARA DILL, Widow of Wade Dill, | |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Submitted February 11, 2020[**]
San Francisco, California

Before: COLE,[***] GOULD, and MURGUIA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable R. Guy Cole, Jr., Chief Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

Petitioner Service Employees International, Inc., and its insurance carrier, the Insurance Company of the State of Pennsylvania (together, "SEII"), petition for review of the decision of the Benefits Review Board ("BRB") affirming the decision of the Administrative Law Judge ("ALJ") awarding Respondent Barbara Dill death benefits and funeral expenses under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, as extended by the Defense Base Act, 42 U.S.C. § 1651 *et seq.* We have jurisdiction under 33 U.S.C. § 921(c) and deny the petition.

In reviewing decisions of the BRB, we conduct an independent review of the record, although the "task is not to reweigh the evidence, but only to determine if substantial evidence supports the ALJ's findings." *Lockheed Shipbuilding v. Dir., OWCP*, 951 F.2d 1143, 1146 (9th Cir. 1991). The substantial evidence standard requires a basis in evidence that "a reasonable mind might accept as adequate to support a conclusion." *Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1165 (9th Cir. 2010) (quoting *Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997)).

1. We agree with the BRB that the ALJ's award of benefits and expenses was "rational, supported by substantial evidence, and in accordance with law." Weighing all of the evidence before him, which included an extensive documentary record and the testimony of three witnesses delivered during a two-

day hearing, the ALJ issued a detailed, 46-page decision.  In support of his conclusion that Dill established that her husband's "suicide followed causally from a direct and unbroken chain of events related to his war zone employment with SEII," the ALJ detailed the record evidence of Dill's husband's traumatic experiences in Iraq, and credited the opinion of Dill's expert, which concluded that "the stresses of the work in Iraq, when combined with the stress of the physical separation, produced increasing emotional distance, emotional intensity, distortion, erratic behavior, and finally [Dill's husband's] suicide."  Substantial evidence supports the ALJ's findings.

2.    The ALJ properly determined that Dill's expert was more credible than SEII's expert.  "Where the ALJ relies on witness credibility in reaching his [or her] decision, our court will interfere only where the credibility determinations conflict with the clear preponderance of the evidence[,] or where the determinations are inherently incredible or patently unreasonable."  *Todd Pac. Shipyards Corp. v. Dir., OWCP*, 914 F.2d 1317, 1321 (9th Cir. 1990) (second alteration in original) (quoting *Cordero v. Triple A Machine Shop*, 580 F.2d 1331, 1335 (9th Cir. 1978)).  Here, the ALJ's credibility determinations were sound and not incredible or unreasonable.  The ALJ noted and explained how the opinion of Dill's expert closely fit the facts, was supported by an Army study that examined the relationship between failed relationships and suicide, and was generally more

3

persuasive than SEII's expert's opinion. Additionally, in discounting the opinion of SEII's expert, the ALJ reiterated Dill's husband's war zone experiences and concluded that the expert's conclusion that the experiences "had *no* causal connection to the worsening of [Dill's husband's] psychological condition and made *no* contribution to the suicide" defied "ordinary experience and common sense." It was "within the ALJ's prerogative, as finder of fact, to credit one witness's testimony over that of another." *Duhagon v. Metro. Stevedore Co.*, 169 F.3d 615, 618 (9th Cir. 1999) (per curiam).

3. SEII's argument that its due process rights were violated when the ALJ admitted a supplement to Dill's expert's report without notice is without merit. Due process requires that the parties to an adjudication be informed of the matters of fact and law at issue, and be afforded an opportunity to be heard as to each. *See Sw. Sunsites, Inc. v. FTC*, 785 F.2d 1431, 1435–36 (9th Cir. 1986); *see also Dep't of Educ. of Cal. v. Bennett*, 864 F.2d 655, 658–59 (9th Cir. 1988). The ALJ provided each party an opportunity to brief the evidentiary value of Dill's expert's supplemental report; SEII had a copy of the report; SEII provided the report to its expert; and SEII's expert's report addressed the supplemental report. The ALJ, accordingly, did not violate SEII's due process rights.

**PETITION DENIED.**

4