**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALLEN B. FLORES,

          Petitioner,

  v.

PACIFIC CRANE MAINTENANCE
COMPANY; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION
PROGRAMS,

          Respondents.

No. 20-71297

LABR No. BRB No. 19-0386

MEMORANDUM[*]

On Petition for Review of an Order of the
Department of Labor

Submitted January 18, 2023[**]
San Francisco, California

Before:    HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Allen B. Flores seeks review of the Benefit Review Board's (BRB) order

affirming an Administrative Law Judge's (ALJ) decision denying Flores's claim

for medical benefits and disability compensation pursuant to the Longshore and

Harbor Workers' Compensation Act.  We review BRB decisions for errors of law

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and for adherence to the substantial evidence standard, which governs the BRB's review of an ALJ's factual determinations. *Kalama Servs., Inc. v. Dir., Off. of Workers' Comp. Programs*, 354 F.3d 1085, 1090 (9th Cir. 2004). We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). We have jurisdiction under 33 U.S.C. § 921(c), and we affirm.

The BRB did not err in affirming the ALJ's finding that Flores was not a credible witness because the ALJ's credibility determination did not "conflict with the clear preponderance of the evidence," nor was it "inherently incredible or patently unreasonable." *Haw. Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 648 (9th Cir. 2010) (quoting *Todd Pac. Shipyards Corp. v. Dir., Off. of Workers' Comp. Programs*, 914 F.2d 1317, 1321 (9th Cir. 1990)). The BRB did not err in affirming the ALJ's conclusion that Flores failed to establish that any of his injuries were work-related because the ALJ's findings as to each injury were supported by substantial evidence. *See Ogawa*, 608 F.3d at 648 ("The BRB must accept the ALJ's findings unless they are contrary to the law, irrational, or unsupported by substantial evidence.") (internal quotation marks and citation omitted); *Duhagon v. Metro. Stevedore Co.*, 169 F.3d 615, 618 (9th Cir. 1999) (per curiam) ("It is within the ALJ's prerogative, as finder of fact, to credit one witness's testimony over that

of another.").

**AFFIRMED.**