NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FOUSSEINI TOUNKARA,<br><br>        Petitioner,<br><br> v.<br><br>DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS; GLACIER FISH COMPANY; SEABRIGHT INSURANCE COMPANY,<br><br>        Respondents. | No. 23-1368<br><br>Agency No. 22-0047<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Benefits Review Board

Submitted December 26, 2024[**]

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Fousseini Tounkara petitions pro se for review of a decision of the Benefits

Review Board ("BRB") affirming an administrative law judge's ("ALJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

modification of a prior disability benefits award to reflect that his entitlement to disability benefits ceased as of August 6, 2016, pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950.  We have jurisdiction to review final orders of the BRB pursuant to 33 U.S.C. § 921(c).  The BRB had jurisdiction to review the ALJ's decision and order pursuant to 33 U.S.C. § 921(a) and (b)(3).

"We review BRB decisions for 'errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations.'" *Todd Shipyards Corp. v. Black*, 717 F.2d 1280, 1284 (9th Cir. 1983), quoting *Bumble Bee Seafoods v. Dir., Off. of Workers' Comp. Programs*, 629 F.2d 1327, 1329 (9th Cir. 1980).  We conduct an independent review of the record, but the "task is not to reweigh the evidence, . . . only to determine if substantial evidence supports the ALJ's findings." *Lockheed Shipbuilding v. Dir., Off. of Workers' Comp. Programs*, 951 F.2d 1143, 1146 (9th Cir. 1991).  This deferential substantial evidence standard requires only that we find enough evidence that "a reasonable mind might accept as adequate to support a conclusion." *Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1165 (9th Cir. 2010) (citation omitted).   We deny the petition for review.

The ALJ's determination that Tounkara lacked credibility does not conflict with the clear preponderance of the evidence, nor is it "inherently incredible or

patently unreasonable." *Haw. Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 648 (9th Cir. 2010), quoting *Todd Pac. Shipyards Corp. v. Dir., Off. of Workers' Comp. Programs*, 914 F.2d 1317, 1321 (9th Cir. 1990).

Substantial evidence supports the ALJ's finding that Tounkara was no longer entitled to disability benefits for his ocular injury. The ALJ permissibly weighed the medical evidence and discounted Tounkara's subjective complaints. *See Duhagon v. Metro. Stevedore Co.*, 169 F.3d 615, 618 (9th Cir. 1999) ("It is within the ALJ's prerogative, as finder of fact, to credit one witness's testimony over that of another.").

We do not consider the materials Tounkara references in his opening brief that are not part of the administrative record.

**PETITION FOR REVIEW DENIED.**